## CLARA SULLIVAN
*vs.*
## CONNECTICUT COMPANY

Superior Court     New Haven County     File No. 54894

MEMORANDUM FILED FEBRUARY 15, 1939.

*Nathan G. Sachs,* of New Haven, for the Plaintiff.

*Walter A. Mulvihill,* of New Haven; *Edwin H. Hall,* of New Haven, for the Defendant.

BOOTH, J. On August 9, 1937, the plaintiff, who is a

married woman, was a passenger for hire upon a trolley car of the defendant. She at the time was pregnant and had been for a period of about two months. She had entered the car through the front door, paid her fare and walked down the aisle to a cross seat. She was accompanied by her small son who had become seated, but whose hand had been retained by the plaintiff's right hand. The plaintiff at the time had not had opportunity to seat herself, but was standing preparatory to taking her seat, and was grasping with her left hand a hand grip which was located upon the back of the seat next in front of that on which her son was sitting. The car meantime had been set in motion by the defendant's motorman, who gradually increased the speed thereof until it attained a speed of ten to 12 miles per hour, when he suddenly brought the car to a stop within a distance of ten or 12 feet, the effect of which broke the hold which the plaintiff had upon the aforesaid hand grip, and threw her so violently forward upon the floor of the aisle of the car as to cause an abrasion on her left shoulder, a bruise on her left thigh eight inches in length and three inches in width, and to suffer such a physical shock as to subsequently produce a miscarriage.

In attempted explanation of the sudden stop the motorman testified that it was made for the purpose of avoiding a collision with two girls who ran out into the street from the curbstone on his right, and who he thought were intending to cross the street in front of the car. This testimony did not impress the court as depicting the real situation, but rather that the stop was made for the purpose of accommodating the girls in question to become passengers of the car at a point other than at the customary stopping place of the car.

In view of all the evidence it is found that the stop of the car was uncommonly abrupt, and that it produced a physical consequence in itself unusual from which the plaintiff's injury occurred. Also that the exigiencies of the situation did not require the stopping of the car as abruptly as it was in fact stopped, and that in thus stopping the motorman was negligent. *Belledeau vs. Connecticut Co.*, 110 Conn. 625; *Robinson vs. Connecticut Co.*, 122 id. 300.

It is further found that the plaintiff was free from contributory negligence, and that the conduct of the motorman in stopping the car as he did was the sole proximate cause of the plaintiff's injuries.

As a result of her injuries the plaintiff was confined to a hospital for ten days, suffered pain and discomfort; was totally incapacitated from her usual activities for about a month and partially incapacitated for about another month; was obliged to contract obligations for medicines, medical and hospital treatment amounting to one hundred fifty-five ($155.15) dollars and fifteen cents.

Judgment may therefore be entered for the plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendant one thousand ($1,000.00) dollars damages and costs.